IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HERBERT CHARLES CLARK | § | |
| VS. | § | CIVIL ACTION NO. 1:24cv118 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Herbert Charles Clark, an inmate confined at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Divison, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be dismissed without prejudice.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. A copy of the Report was mailed to petitioner at the address provided to the court. Petitioner acknowledged receipt of the Report on June 6, 2024. No objections to the Report and Recommendation of United States Magistrate Judge were filed by the parties. The court concludes that the findings of fact and conclusions of law of the magistrate judge are correct.[1]

---

[1] Petitioner failed to submit either the filing fee or an application to proceed *in forma pauperis* along with his petition. Accordingly, on April 1, 2024, petitioner was ordered to either pay the filing fee or submit an application to proceed *in forma pauperis* within twenty days from the date of the order.

On April 24, 2024, petitioner submitted a handwritten application to proceed *in forma pauperis*. Notably, petitioner did not sign the application and it did not contain a statement of his prisoner account as ordered. On May 1, 2024, petitioner was ordered to submit a statement of his prisoner account prepared by an authorized prison official showing the average balance in, and average deposits to, petitioner's trust account for the preceding six months. Petitioner's compliance was due on or before the expiration of twenty days from the date of the order.

Petitioner again failed to comply with the order of the court. Therefore, on June 3, 2024, the magistrate judge recommended dismissing the petition for want of prosecution. Petitioner acknowledged receipt of the Report on June 6, 2024. During the seven months since the Report was filed, petitioner has neither paid the filing fee, submitted a proper, signed application to proceed *in forma pauperis*, nor filed objections to the Report.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

The dismissal of this action is without prejudice to petitioner's ability to reinstate this case on the court's active docket within thirty days from the date of the judgment by either paying the filing fee or submitting a signed application to proceed *in forma pauperis* containing a statement of his prisoner account for the preceding six month period.

<u>O R D E R</u>

Accordingly, the findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED this 14th day of January, 2025.**


_Michael J. Truncale_
Michael J. Truncale
United States District Judge